IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DENARD SHIELDS | § | |
|     TDCJ-CID #825288 | § | |
| v. | § | C.A. NO. C-12-319 |
| | § | |
| RICK THALER | § | |

## OPINION DENYING MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is a state inmate currently incarcerated at the McConnell Unit in Beeville, Texas who has filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging a disciplinary proceeding. (D.E. 1). Pending is petitioner's motion for appointment of counsel. (D.E. 7).

There is no constitutional right to counsel in federal habeas proceedings. Wright v. West, 505 U.S. 277, 293 (1992) (Constitution "guarantees no right to counsel on habeas"); see also Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (same); Johnson v. Hargett, 978 F.2d 855, 859 (5th Cir. 1992) (same). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues that mandate an evidentiary hearing. Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing. Indeed, respondent has not yet filed an answer.

Counsel will be assigned sua sponte if there are issues that mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. See Rule 6(a) of the Rules Governing § 2254 Cases; Thomas v. Scott, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Here, petitioner has not paid the $5 filing fee. Additionally, an order for service of process has not been issued.

Accordingly, petitioner's motion for the appointment of counsel, (D.E. 7), is DENIED without prejudice.

ORDERED this 22nd day of October 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE