IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DENARD SHIELDS § | | |
|    TDCJ-CID NO. 825288 § | | |
| v. § | | C.A. NO. C-12-319 |
| § | | |
| RICK THALER § | | |

**MEMORANDUM AND RECOMMENDATION TO
GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary conviction. (D.E. 1). Pending is Respondent's motion for summary judgment. (D.E. 29). Petitioner has filed a response in opposition. (D.E. 37). For the reasons stated herein, it is respectfully recommended that Respondent's motion be granted.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000). Petitioner is confined in Bee County, Texas. (D.E. 1, at 1). Therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

**II. BACKGROUND**

On October 4, 2012, Petitioner filed this habeas petition seeking to challenge a prison disciplinary conviction finding him guilty of attempting to establish an inappropriate relationship with the prison commissary manager in violation of TDCJ policy.[1] (D.E. 1, at 5). His

---

[1] Petitioner was also found guilty of being in possession of an undocumented or uninventoried tattoo. (D.E. 30-1, at 3-4). He pleaded guilty to this charge and does not appear to contest it. Id.

punishment included being reclassified from a G1-S2 to a G4-S4 inmate status, and the loss of forty-five days of recreation time as well as forty-five days commissary privileges.[2] Id. at 5-7. However, he did not lose any good-time credit. Id. at 5.

In the petition, Petitioner argues that: (1) his conviction was not supported by sufficient evidence; (2) he was denied an impartial decisionmaker; (3) he did not receive proper notice of the hearing; (4) he was denied access to the grievance procedure subsequent to his conviction; and (5) he was placed in solitary confinement without a hearing. Id. at 5-10. In addition, Petitioner contends that the disciplinary conviction resulted in the revocation of FI-5 parole status,[3] which had been granted on July 26, 2012. Id. at 9; (D.E. 37-1, at 1). On February 5, 2013, Respondent filed a motion for summary judgment. (D.E. 29). Petitioner filed a response in opposition on February 20, 2013. (D.E. 37).

### III. DISCUSSION

Respondent urges that Petitioner's habeas petition should be dismissed because Petitioner's sanctions resulting from his disciplinary conviction do not implicate due process. (D.E. 29, at 6-10).

**A.    Standard Of Review For A Motion For Summary Judgment.**

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted). Rule 56 of the Federal Rules of Civil Procedure generally

---

[2] Petitioner also complains of being punished with twenty-six days of solitary confinement. (D.E. 1, at 5-7). However, the disciplinary hearing record does not indicate that solitary confinement was imposed as a sanction. (D.E. 30-1, at 3).

[3] FI-5 parole status requires that an inmate first complete an in-prison therapeutic community program prior to release. 37 Tex. Admin. Code § 145.12(4)(F).

applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted)); see also Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus....").

Summary judgment is appropriate when there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this determination, the Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. Courts must consider the record as a whole by reviewing all pleadings, depositions, affidavits, interrogatories and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citation omitted). The Court may not weigh the evidence, or evaluate the credibility of witnesses. Id. Furthermore, the Court may only consider affidavits made on personal knowledge, which set forth "such facts as would be admissible in evidence, and [show] affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); see also Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party

demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." Caboni, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." Anderson, 477 U.S. at 250–51.

**B.    Petitioner's Due Process Challenge Of His Disciplinary Punishment Does Not Implicate A Constitutionally Protected Right.**

A petitioner is only entitled to habeas relief if he shows that he is in custody in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (internal citations omitted). The Fifth Circuit has noted that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) (discussing Sandin). It is clear that "the Due Process Clause does not protect every

change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin, 515 U.S. at 478. The focus is on whether the penalties imposed by the state are the type of atypical, significant deprivations which create a liberty interest. Id. at 484.

### 1. Petitioner had no liberty interest in commissary privileges or recreation time.

As part of his disciplinary conviction, Petitioner was punished with the loss of forty-five days of commissary privileges as well as forty-five days of recreation time. These sanctions do not constitute atypical, significant deprivations that create a protected liberty interest. Sandin 515 U.S. at 485-86; see also Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Pichardo v. Kinker, 73 F.3d 612, 612-13 (5th Cir. 1996). Accordingly, it is respectfully recommended that Petitioner is not entitled to habeas relief based on his loss of commissary privileges or recreation time.[4]

### 2. Petitioner had no liberty interest in his line class status.

In addition to loss of commissary and recreation time, Petitioner's good-time credit earning class status was reduced from S2 to S4. The Fifth Circuit has held that prisoners do not have a protected interest in assignment to any good-time credit earning status. Malchi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam). Accordingly, it is respectfully recommended that Petitioner is not entitled to habeas relief based on this sanction.

### 3. Petitioner has no liberty interest in parole.

Petitioner was granted FI-5 parole status on July 26, 2012, which he alleges was revoked

---

[4] To the extent Petitioner seeks habeas relief based on having allegedly been placed in solitary confinement, this deprivation does not implicate due process. Sandin, 515 U.S. at 485-86; see also Malchi, 211 F.3d at 958; Pichardo, 73 F.3d at 612-13.

due to the disciplinary conviction. Respondent urges that regardless of the effect of the disciplinary conviction on his parole eligibility, he is not entitled to habeas relief because he had no constitutionally protected interest in parole.

Texas state prisoners may become eligible for release either by parole, or through a mandatory supervised release program. Madison, 104 F.3d at 768. An inmate's interest in parole, however, is entirely speculative, and as such, an inmate has no constitutional expectancy in parole. Malchi, 211 F.3d at 957 ("any delay in [petitioner's] consideration for parole cannot support a constitutional claim"); see also Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam) (citations omitted) (petitioner has no liberty interest in obtaining parole in Texas).

Here, Petitioner alleges that his FI-5 parole status, which was granted on June 26, 2012, was revoked on August 8, 2012 as a result of his disciplinary conviction. (D.E. 1, at 9). Therefore, unlike a situation in which an inmate complains of his loss of an opportunity for parole–which is entirely speculative–Petitioner's parole status was slightly more certain. Nevertheless, this certainty does not create a constitutionally protected liberty interest that he can challenge by attacking his disciplinary conviction under these circumstances.

Petitioner's parole status was subject to revocation based on his failure to comply with its conditions as well as the parole board's discretion. In particular, to be eligible for release pursuant to FI-5 status, Petitioner was required to complete a substance abuse program in prison. (D.E. 37-1, at 1). His parole notification further provided that upon completion of the program, he would "be processed for release to a[n] after-care facility if [he has] served the required amount of time to make [him] parole eligible and if [he] meet[s] all of the board's requirements for parole release." Id. Moreover, Petitioner was notified that "[t]he Board of Pardons and

Paroles may revise its parole decision at any time if additional information is received which a Board Panel determines to be sufficient to withdraw parole." Id.

Petitioner alleges that his status was revoked due to his disciplinary case. However, he does not contest the validity of one of his convictions, possession of an unauthorized tattoo, to which he pleaded guilty. (D.E. 30-1, at 3). Based on his own allegations, this conviction alone is sufficient to alter his FI-5 status. In other words, even assuming that his conviction for an impermissible relationship was inappropriate, his parole would have been withdrawn regardless. In light of this conclusion, the proposition that Petitioner's disciplinary convictions deprived him of a protected liberty interest in parole requires a great amount of speculation under these circumstances, because a critical causal link is absent. Moreover, to the extent he has a protected interest in parole and seeks to contest its revocation, he should challenge the parole revocation proceeding itself, as opposed to a disciplinary conviction that may or may not have caused it. Morrissey v. Brewer, 408 U.S. 471 (1972) (establishing federal due process requirements for parole revocation). Accordingly, it is respectfully recommended that he is not entitled to habeas relief regarding his claim that his disciplinary conviction caused his parole revocation.

Finally, to the extent that Petitioner's reduction in class status affects his eligibility for mandatory supervision, he is not entitled to habeas relief because he has no liberty interest in mandatory supervision. In Madison, the Fifth Circuit explained a prisoner's right to due process when good time-credit is revoked:

> When a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment "liberty" concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created

7

right is not arbitrarily abrogated.

104 F.3d at 768 (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)).  The Fifth Circuit has determined that prior to September 1, 1996, the Texas mandatory supervision program created a constitutional expectancy of early release.  Malchi, 211 F.3d at 957-58.  However, Petitioner is serving a sentence for a conviction imposed after the amendment of the mandatory supervision statute.  The Fifth Circuit has determined that under this post-September 1, 1996 scheme, "mandatory supervision [ ] is mandatory in large part, but also discretionary in small part." Teague, 482 F.3d at 775 (citing Greenholtz v. Inmates of the Neb. Penal & Corr. Complex, 442 U.S. 1, 13 (1976)).

Regardless of the amount of discretion accorded TDCJ pursuant to the post-September 1, 1996 mandatory supervision statutory scheme in Texas, Petitioner is ineligible for release because he is serving a sentence for aggravated robbery, (D.E. 29-1, at 2-3), a crime for which mandatory supervision is prohibited.  Tex. Gov't Code § 508.149(a); Tex. Pen. Code § 29.03; see also Kossie v. Crain, 602 F. Supp. 2d 786, 791 (S.D. Tex. 2009) (Texas law does not allow inmates to be released to mandatory supervision if they were convicted of aggravated robbery). Accordingly, it is respectfully recommended that Petitioner is not entitled to habeas relief to the extent his disciplinary conviction may have affected his good-time credit.  See Madison, 104 F.3d at 768-69 (holding that when petitioner is not eligible for mandatory supervision, dismissal of petition is appropriate).

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C.

§ 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

9

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V.  RECOMMENDATION

Because Petitioner does not complain of the loss of a constitutionally protected interest for the purpose of being entitled to habeas relief, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 29), be granted and that this habeas petition, (D.E. 1), be dismissed.  It is further respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 22nd day of March 2013.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).