IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DENARD SHIELDS | § | |
|     TDCJ-CID NO. 825288 | § | |
| v. | § | C.A. NO. C-12-319 |
| | § | |
| RICK THALER | § | |

### **OPINION AND ORDER DENYING PETITIONER'S MOTION TO RECUSE**

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary conviction. (D.E. 1). Pending is petitioner's motion to recuse with a memorandum in support. (D.E. 51, 52).

### **BACKGROUND**

On October 11, 2012, petitioner filed this petition for a writ of habeas corpus. (D.E. 1). On November 5, 2012, service was ordered on the Texas Attorney General. (D.E. 15).

On December 18, 2012, petitioner filed a motion for a temporary restraining order and for a preliminary injunction. On January 25, 2013, a memorandum and recommendation was issued recommending that the request for injunctive relief be denied in part because he failed to demonstrate the likelihood of success on the merits. See generally Shields v. Thaler, C-12-319, 2013 WL 620378 (S.D. Tex. Jan. 25, 2013) (unpublished).

On February 5, 2013, respondent filed a motion for summary judgment. (D.E. 29). On February 25, 2013, petitioner filed a response opposing the motion for summary judgment. (D.E. 37). On March 22, 2013, a memorandum and recommendation was issued recommending that the motion for summary judgment be granted and the petition be dismissed because his

challenge to the disciplinary proceeding did not implicate any constitutionally protected right. See generally Shields v. Thaler, C-12-319, 2013 WL 1628362 (S.D. Tex. Mar. 22, 2013) (unpublished). On April 10, 2013, petitioner filed objections to this memorandum and recommendation. (D.E. 48).

On March 18, 2013, petitioner filed a motion for leave to conduct habeas discovery. (D.E. 41). On March 25, 2013, that motion was denied. (D.E. 43).

On April 10, 2013, petitioner also filed his own motion for summary judgment. (D.E. 47). Because that motion did not address any of the issues dealt with in the memorandum and recommendation regarding respondent's motion for summary judgment, on April 15, 2013, it was recommended that petitioner's motion for summary judgment be denied. (D.E. 49).

## DISCUSSION

On April 19, 2013, petitioner filed his pending motion to recuse. Specifically, he asserts that the undersigned magistrate is not impartial. (D.E. 52, at 1). He maintains that the assigned magistrate judge "abused his authority by allowing the Respondents to 'not' address the material facts brought by Petitioner but immaterial results that were not alleged as due process violations." Id. at 2. Essentially, he complains that the magistrate judge did not adequately review his motions and arguments. Id. at 3.

The motion has many assertions of bias and prejudice, but not much in the way of any substance to support such claims. Petitioner's pending motion essentially complains about rulings made by the undersigned magistrate. As the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563,

2

583 (1966)); accord United States v. Landerman, 109 F.3d 1053, 1066 (5th Cir. 1997) (quoting Liteky); United States v. MMR Corp., 954 F.2d 1040, 1045 (5th Cir. 1992) ("adverse rulings in a case are not an adequate basis for demanding recusal") (citations omitted).  Instead, as the Fifth Circuit has indicated, "the judge's rulings should constitute grounds for appeal, not for recusal." Landerman, 109 F.3d at 1066 (citing Liteky, 510 U.S. at 555).

Additionally, petitioner complains about the denial of his motion to engage in habeas discovery.  A habeas petitioner is generally not entitled to discovery.  Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) (emphasis added); see also United States v. Webster, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted).  The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" Lave v. Dretke, 416 F.3d 372, 381 (5th Cir. 2005) (quoting Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)).

Petitioner sought seventeen different categories of documents.  (D.E. 41-2, at 2-3).  Some of the documents he should have had in his possession.  For example, the pending motion did not explain why he does not have his grievance records or disciplinary hearing records related to a federal habeas petition that he filed.  He failed to establish any support for his position that discovery is appropriate in a petition challenging a disciplinary proceeding.  Ultimately, the

memorandum and recommendation regarding the dismissal of his petition further demonstrated that discovery was unnecessary.  See generally Shields, 2013 WL 1628362.

Accordingly, petitioner's motion to recuse , (D.E. 51), is hereby DENIED.

ORDERED this 23rd day of April 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE