UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT DENARD SHIELDS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00319 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION TO
<u>GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT</u>**

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 29). On March 22, 2013, United States Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation (D.E. 42), recommending that Respondent's Motion for Summary Judgment be granted. Petitioner filed his Objections in the form of a Declaration (D.E. 45) on April 3, 2013 and a Memorandum (D.E. 48) on April 10, 2013.

In the context of disciplinary proceedings, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolf v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Petitioner filed his Petition for Writ of *Habeas Corpus* (D.E. 1) complaining of a disciplinary proceeding by which he was convicted and lost commissary privileges, lost recreation time, had a reduction in line class status for earning good-time credit, and a reduction in parole status. The Magistrate Judge's Memorandum and Recommendation explains that *habeas corpus* relief is not available to redress these alleged injuries because the lost privileges do not implicate a requisite liberty interest. The law supporting the Magistrate Judge's analysis is well-settled.

Petitioner's objections complain of alleged due process and equal protection violations in the disciplinary procedures, including alleged perjury, falsification of documents, lack of notice, retaliation, and actual innocence. However, none of these punishments are subject to relief in this Court because the result of the alleged violations does not impact the cognizable liberty interest. *Habeas corpus* relief is not available. None of Petitioner's objections address this issue or show that the punishments assessed as a result of the disciplinary conviction rise to the necessary level.

While he complains of being placed in solitary confinement, that alleged condition of confinement was prior to the events described in this action and was not assessed as a result of the disciplinary conviction made the subject of this *habeas* proceeding. Furthermore, because such an allegation goes to the conditions of confinement rather than the fact or duration of confinement, it falls under the rubric of a civil rights action rather than a *habeas corpus* action. *Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987). Those allegations do not trigger relief available in this case.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment (D.E. 29) is **GRANTED** and this action is **DISMISSED**. In the event that Petitioner seeks a Certificate of Appealability, such request is **DENIED**.

ORDERED this 9th day of May, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE